SAMUEL VEADER, PLAINTIFF-RESPONDENT, v. FRED VEADER, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This was a replevin suit. It is on appeal by Fred Veader, the defendant, from the judgment of the District Court of Morris county. The subject of the action is the ownership of a horse. This is the second trial of the action. The judgment rendered in the first trial was set aside by this court. *Veader* v. *Veader*, 87 *N. J. L.* 140.

"The appeal is based upon the refusal of the trial court to nonsuit the plaintiff and to direct a verdict in favor of the defendant; also on the refusal of the trial court to charge the jury as requested and exception to the charge of the trial judge.

"The first point urged is, that the suit should have been instituted against the defendant in a representative capacity as executor, and failure to do so was the basis for the motion to

nonsuit and the direction of a verdict in favor of the defendant. The ruling of the trial court on these motions was not error. *Hodge* v. *Coriell,* 44 *N. J. L.* 456; *S. C.,* 46 *Id.* 354; *Boyle* v. *Knauss,* 81 *Id.* 330.

"It is next urged, to use the language of the brief, that the District Court in its charge committed error in passing its opinion and commenting upon the significance of the evidence as making out a *prima facie* case for the plaintiff. The charge must be considered in its entirety. *Brown* v. *Spence,* 79 *N. J. L.* 452. We think there is no error in the charge of the trial court.

"The defendant made eleven requests to charge, some of these were, in effect, charged by the court. It is unnecessary to state them in detail. The ninth request was: 'It is the duty and burden on the plaintiff to prove by preponderance of evidence that he was the *absolute* owner of the horse at the time it was claimed by the defendant.' In replevin the plaintiff does not have to prove an absolute ownership. This was an inaccurate legal statement; hence the court was not bound to charge it. The court did charge 'the burden of proof is on the plaintiff to prove that he is entitled to the horse.'

"There is no error in the record. The judgment of the District Court is therefore affirmed, with costs."

For the defendant-appellant, *Elmer W. Rominé.*

For the plaintiff-respondent, *King & Vogt.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal* — None.